UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   vs.<br><br>JUAN PORCAYO,<br><br>               Defendant. | CR. 17-50148-JLV<br><br>ORDER |

**INTRODUCTION**

A grand jury charged defendant Juan Porcayo with conspiring to distribute more than 500 grams of methamphetamine. (Docket 1). On October 19, 2019, defendant filed a motion *in limine* to exclude the testimony of Douglas Lumsargis, a California law enforcement officer. (Docket 49). The government opposes the motion. (Docket 50). Trial began in this matter on October 21. The court held a hearing on the motion outside the presence of the jury on the first day of trial. Having considered the written and oral arguments of counsel, the court grants the motion for the reasons given below.

**I.    Facts**

On December 12, 2014, Officer Lumsargis conducted a traffic stop of a rental vehicle driven by defendant in Sutter County, California.[1] (Docket 49 at p. 2). The rental agreement showed Noel Ornelas as the authorized renter. Id.

---

[1] Neither party called any witnesses at the hearing. This factual summary is drawn from the proffers made in the parties' briefing and at the hearing.

Mr. Ornelas was a passenger in the vehicle.  Id.  Officer Lumsargis deployed a drug dog during the stop and the dog alerted.  Id.  Officer Lumsargis found 17 pounds of methamphetamine in the vehicle's trunk.  Id.  He also noticed defendant's "nervous demeanor" throughout the traffic stop.  (Docket 50 at p. 1).  Neither defendant nor Mr. Ornelas were arrested or charged with any offense stemming from the stop.[2]  (Docket 49 at p. 2).  Both denied knowing the methamphetamine was in the trunk.

The indictment alleges defendant conspired to distribute methamphetamine in the District of South Dakota "[b]eginning at a time unknown to the Grand Jury but no later than on or about January 1, 2016." (Docket 1).  Evidence from the first day of trial indicates that the charged conspiracy began in November or December of 2015.  The government conceded at the hearing that the South Dakota conspiracy was not active when Officer Lumsargis discovered the 17 pounds of methamphetamine.

The government disclosed information about the 2014 stop to the defense shortly after this case was indicted.  The government also included Officer Lumsargis on a witness list provided to the defense.  The defense agreed it had adequate notice of Officer Lumsargis' testimony.  Neither the defense nor the government was able to assert at the hearing that the defense had ever made a request for evidence admissible under Federal Rule of Evidence 404(b).

---

[2]The defense represented in its briefing, and the government agreed at the hearing, that no charges were brought to protect an ongoing investigation unrelated to the charged South Dakota conspiracy.  (Docket 49 at p. 2).

2

**II.     Analysis**

The defense argues Officer Lumsargis' testimony should be excluded because it is not evidence of the South Dakota conspiracy charged in the indictment. (Docket 49 at pp. 2-7). In response, the government contends that the testimony is *res gestae* evidence of the charged conspiracy. (Docket 50). At the hearing, the government also asserted the testimony is admissible under Rule 404(b) and asserted good cause existed for the late notice. The defense opposes admitting the testimony under Rule 404(b). The court concludes the testimony is inadmissible either as *res gestae* evidence or under Rule 404(b).

**A.     *Res gestae***

"Under the theory of *res gestae*, evidence of prior crimes can be admitted when the prior crime is so blended or connected, with the ones on trial as that proof of one incidentally involves the others; or explains the circumstances thereof; or tends logically to prove any element of the crime charged. When evidence is admitted under *res gestae*, Rule 404(b) is not implicated." United States v. Riebold, 135 F.3d 1226, 1229 (8th Cir. 1998) (internal quotations and alterations omitted). "*Res gestae*, also known as intrinsic evidence, is evidence of wrongful conduct other than the conduct at issue offered for the purpose of providing the context in which the charged crime occurred. Such evidence is admitted to complete the story or provide a total picture of the charged crime." United States v. Parks, 902 F.3d 805, 813-14 (8th Cir. 2018) (internal quotations and citations omitted).

Evidence of the 2014 stop is not admissible as *res gestae* evidence. The government admitted at the hearing it had no evidence the methamphetamine found during the 2014 stop is connected to the charged conspiracy. The timing of the stop also places it outside the charged conspiracy. The government concedes the present conspiracy began in late 2015, approximately a year after the stop. The only similarities between the charged conspiracy and the 2014 stop are defendant's alleged involvement and methamphetamine. It can hardly be said that the 2014 stop "is so blended or connected" with the charged conspiracy "that proof of one incidentally involves the other[.]" Reibold, 135 F.3d at 1229. Evidence of the stop does not complete any story or provide context for the jury. Parks, 902 F.3d at 813-14. On this record, the court finds evidence of the 2014 stop is simply not intrinsic to the charged offense.

**B.    Rule 404(b)**

Rule 404(b) states the general rule that evidence of a prior bad act is not admissible to "show defendant's propensity to engage in criminal misconduct." See United States v. Walker, 428 F.3d 1165, 1169 (8th Cir. 2005); see also Fed. R. Evid. 404(b)(1). However, the rule also provides that prior bad acts evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The government must provide notice of Rule 404(b) evidence "[o]n request by a defendant[.]" Id. "Admissibility of 404(b) evidence is governed by four factors: the evidence must be 1) relevant to a material issue; 2) proven by a

4

preponderance of the evidence; 3) of greater probative value than prejudicial effect; and 4) similar in kind and close in time to a charged offense." Walker, 429 F.3d at 1169.

The government orally moved to notice evidence of the 2014 stop as prior bad acts evidence under Rule 404(b). As good cause for its untimely mid-trial notice, the government argued it disclosed evidence of the stop to the defense at the beginning of the case. The government asserted it did not realize defendant would object to the testimony until he filed the present motion *in limine* two days before trial. The court concludes the lack of notice presents no barrier to consideration of the evidence under Rule 404(b). Defendant was unable to inform the court at the hearing that he had ever asked for notice of Rule 404(b) evidence. Without such a request, the government had no obligation to provide notice. Fed. R. Evid. 404(b)(2).

However, evidence of the 2014 stop is not admissible under Rule 404(b) on the merits. The government asserts the evidence at trial will show defendant provided up to 25 pounds of methamphetamine to co-conspirators in South Dakota. According to the government, evidence of the 2014 stop is relevant to show defendant had access to large quantities of methamphetamine, which he could channel to the South Dakota conspiracy.

Assuming for purposes of this motion that the government succeeded in showing the relevance of the proffered evidence to the present case, its argument fails on the second and third prongs of the Rule 404(b) analysis. On the second

prong, the government did not prove defendant's connection to the recovered methamphetamine by a preponderance of the evidence. Walker, 429 F.3d at 1169. Both defendant and Mr. Ornelas denied knowing about the methamphetamine in the rental vehicle's trunk. Neither were arrested. Defendant was never charged with any offense connected to that methamphetamine. Mr. Ornelas had rented the vehicle. Under these circumstances, the court cannot find defendant was connected to the methamphetamine by a preponderance of the evidence. It is perhaps more probable that the methamphetamine belonged to Mr. Ornelas. In any event, there is no reason to permit the parties to descend into a trial-within-a-trial over the ownership of methamphetamine irrelevant to the charged conspiracy.

As for the third prong, the probative value of evidence of the 2014 stop is substantially outweighed by its prejudicial effect and tendency to confuse the jury. Connecting defendant to 17 pounds of methamphetamine in a methamphetamine conspiracy trial is obviously prejudicial. If the 2014 methamphetamine was relevant to the charged conspiracy, the prejudice would be easily outweighed by its probative value. But in the present situation, admitting the evidence would invite the jury to convict solely because of defendant's connection to the irrelevant 2014 methamphetamine. The danger of unfair prejudice posed by the proffered evidence is substantial.

Evidence of the 2014 stop would also confuse the jury. The government asserted at the hearing that it would not argue the 17 pounds of

6

methamphetamine should be counted against defendant for purposes of this conspiracy. The court cannot imagine how any jury would be able to ignore evidence of such a large amount of methamphetamine when attempting to determine the drug quantities attributable to a defendant. The risk of the jury confusing countable and uncountable methamphetamine and convicting on that basis is too apparent to ignore.

The court finds evidence of the 2014 stop would only "show defendant's propensity to engage in criminal misconduct." Walker, 429 F.3d at 1169. The risk of the jury convicting defendant simply because of his previous and unproven association with a large amount of methamphetamine is too great.

## ORDER

For the reasons given above, it is

ORDERED that defendant's motion *in limine* (Docket 49) is granted.

IT IS FURTHER ORDERED that the government may not offer any evidence concerning the traffic stop of defendant on December 12, 2014, or the methamphetamine seized during that stop. The government may move to revisit this order if defendant chooses to testify and the government wishes to offer this evidence for purposes of impeachment.

Dated October 22, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE