UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN PORCAYO,<br><br>Defendant. | 5:17-CR-50148-KES-1<br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE |

Defendant, Juan Porcayo, filed a motion, under 18 U.S.C.
§ 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive
Sentencing Guidelines provisions. Docket 85. Plaintiff, the United States of
America, opposes Porcayo's motion. Docket 87. For the following reasons,
Porcayo's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established.
As the Supreme Court has made clear, Section 3582(c) "does not authorize a
. . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010).
Rather, it provides only for the possibility of "a limited adjustment to an
otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's
instructions . . . to determine the prisoner's eligibility for a sentence
modification and the extent of the reduction authorized." *Id.* at 827. As to
whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the
court to begin by 'determin[ing] the amended guideline range that would have

been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Porcayo's Guideline range, based on a total offense level of 36 and a criminal history category of II, was 168 to 262 months in prison. Docket 67 at 19. He had 3 criminal history points based on prior convictions for possession of burglary tools, possession of narcotic controlled substance, and driving without a license. *Id.* at 11-12. On February 28, 2020, the court sentenced Porcayo to 168 months on a conviction for Conspiracy to Distribute a Controlled Substance. Docket 71.

On March 13, 2024, Porcayo filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 85. Porcayo states his "prior criminal history score of 3 disqualifies him for Part A of the Amendment, but allows him consideration for Part B." *Id.* at 2.

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added an adjustment for certain zero-point offenders, which now appears in Section 4C1.1. The provision states:

2

If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1.

Porcayo fails to meet the criteria for zero-point offenders because he had 3 criminal history points and received a two-level enhancement for possessing a firearm. Docket 67 at 9, 11-12. Because criterion 1 and 7 apply to his case, he is ineligible for the zero-point offender reduction under the plain language of U.S.S.G. § 4C1.1(a). Thus, the amendment to U.S.S.G. § 4C1.1 does not apply to his case.

## CONCLUSION

It is ORDERED that Porcayo's motion (Docket 85) is DENIED.

Dated March 28, 2024.

BY THE COURT:

_/s/ Karen E. Schreier_
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE